[Crim. No. 2361. In Bank.—March 25, 1921.]

In re Application of HENRY A. YOUNG for a Writ of Habeas Corpus.

[1] PRISONS — CONVICT IN STATE PRISON — FORFEITURE OF CREDITS — NOTICE OF PROCEEDING.—A convict brought before the prison directors upon a written charge of escaping from the prison in violation of the law and the rules of the prison, which charge is then and there read and explained to him, and to which he, without asking for time to present a defense, enters a plea of guilty, has had all the notice and opportunity to defend that by any reasonable construction can be held to be required by section 1588 of the Penal Code as a prerequisite to a forfeiture of credits by the board.

APPLICATION for a Writ of Habeas Corpus to secure release from imprisonment in the state prison based upon an alleged illegal forfeiture of credits. Denied.

The facts are stated in the opinion of the court.

Henry A. Young, *in pro. per.*, for Petitioner.

THE COURT.—The only claim made in the petition that merits any consideration whatever is that contained in the allegations substantially to the effect that the prisoner was deprived of his credits by the board of prison directors without any notice to him or opportunity to defend, as provided by section 1588 of the Penal Code. But as to this it appears that in the *habeas corpus* proceeding instituted by him in the district court of appeal of the first appellate district, division one, to which he refers in his petition (*Ex parte Young*, Crim. 958, District Court of Appeal), wherein he sought release from imprisonment upon the same grounds as those relied on here, the return showed that he

was brought before the prison directors upon a charge duly filed against him of escaping from the prison in violation of the law and the rules of the prison, that the charge was read and explained to him, and that he thereupon pleaded ''guilty.'' He does not appear to have disputed the correctness of this return in the district court of appeal, his claim apparently being that this did not show the ''notice'' required by section 1588 of the Penal Code, which provides: ''Such forfeiture, however, shall be made only by the board of directors after due proof of the offense and notice to the offender; nor shall any forfeiture be imposed when a party has violated any rule or rules without violence or evil intent, of which the directors shall be the sole judges.'' In the light of these facts it may fairly be assumed that his allegations of want of notice are intended solely to present the question of the legal sufficiency of the notice in fact given. [1] We entertain no doubt whatever that one brought before the board of prison directors upon a written charge which is then and there read and explained to him, and to which he, without asking for time to present a defense, enters a plea of guilty, has had all the notice and opportunity to defend that by any reasonable construction can be held to be required by section 1588 of the Penal Code as a prerequisite to a forfeiture of credits by the board.

The application for a writ of *habeas corpus* is denied.

Angellotti, C. J., Lennon, J., Lawlor, J., Sloane, J., Wilbur, J., Olney, J., and Shaw, J., concurred.